## FLORENCE MARY TRAUERNICHT v. ESTHER HUBBARD RICHTER AND OTHERS.[1]

December 20, 1918.

No. 21,095.

**Injunction — violation of building permit.**

A building permit for a private garage in the city of St. Paul provided, in accordance with a city ordinance, that a private garage must not be erected within 20 feet of any building used for residence purposes. Regardless of the provision, defendants began the construction of the garage within nine feet of plaintiff's dwelling. Plaintiff obtained a temporary injunction restraining defendants from proceeding further with the building until the final determination of the action. The trial court held that defendants were attempting to erect the garage in direct violation of the terms of the permit, and this was sufficient to warrant the injunction. *Held*: The holding of the trial court was proper and there was no abuse of discretion in granting the temporary injunction. [Reporter.]

Action in the district court for Ramsey county to restrain defendants from erecting a garage within 20 feet of plaintiff's dwelling and for a temporary injunction until the action can be tried and determined on its merits. Plaintiff obtained an order requiring defendants to show cause why a temporary injunction should not issue. From an order, Dickson, J., granting the temporary injunction, defendants appealed. Affirmed.

*E. W. Richter*, for appellant.

*George R. O'Reilly* and *George W. Markham*, for respondents.

PER CURIAM.

This is an appeal from an order for a temporary injunction restraining

[1] Reported in 169 N. W. 701.

defendants from proceeding further with the construction of a private garage at a certain place on lot 3, block 2, Evergreen Place Addition to the city of St. Paul, until the final hearing and determination of this action.

The defendant, Esther Richter, is the owner of the south 80 feet of lots 1, 2 and 3 of said block 2 at the corner of Avon street and Linwood Place, 80 feet fronting east on Avon and 120 feet south on Linwood, upon which she has a dwelling house facing east, well under way of construction.

The plaintiff is the owner of the south 100 feet of lot 4, lying immediately west of said lot 3, fronting 40 feet south on Linwood, upon which she has a dwelling house facing south, well under way of construction, the front wall of which is 15 feet back from the property line, the east wall seven feet west of the west line of defendant's property.

The charter of the city of St. Paul authorizes its council to regulate the construction and erection of buildings, and to define, regulate, prohibit and abate nuisances. It further provides, that all persons wishing to construct any building within the city shall submit plans therefor to the commissioner of parks, play grounds and public buildings and procure a permit for the construction thereof, before beginning work thereon. Accordingly defendants made application to the commissioner and obtained a permit to erect a building 10 by 20 feet in size upon the south 80 feet of said lot 3, to be used as a private garage. This permit contained, in accordance with the city ordinance, the following provision:

"A private garage must not be erected within 20 feet of any building used for residence purposes."

Upon receiving the permit, defendants, regardless of the restrictive clause therein, began the construction of the garage in question within nine feet of plaintiff's dwelling, its front or south wall practically on a line with the front of such dwelling.

The trial court held, and we think properly, that defendants were attempting to erect the garage in direct violation of the provisions of their permit, which of itself was sufficient to warrant the injunction, until the issues involved in the action are tried.

The granting of a temporary injunction pending litigation rests largely in the discretion of the trial court, and we see no abuse of discretion in the respect above indicated. Under this view of the case it becomes unnecessary to consider at this time the validity of the ordinance referred to.

Affirmed.